E-FILED
Friday, 18 September, 2026 03:05:59 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

TIMOTHY BELL,
Plaintiff,

v.

KWAME RAOUL,
Defendant.

Case No. 4:26-cv-04174-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and civilly detained at the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act ("SVPCA"), 725 ILCS 207/1, filed a "Petition for Injunctive Relief and Order to Cease and De[s]ist," which was docketed as a Complaint under 42 U.S.C. § 1983. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Defendant Illinois Attorney General Kwame Raoul. Plaintiff alleges he was detained in the Illinois Department of Human Services ("IDHS") in 2006, after he was deemed a sexually violent person in Circuit Court of Cook County case number 06-80005.

Nine months later, Plaintiff was arrested and charged with aggravated battery to a security guard and sentenced to a four-year term of imprisonment. While in prison, Defendant Raoul allegedly took Plaintiff to trial for civil involuntary commitment in 2007. Plaintiff states he was convicted by a jury of being a sexually violent person but was not placed in IDHS custody until he completed his four-year sentence. After completing his four-year sentence, Plaintiff was returned to the IDHS on June 4, 2010.

On an unspecified date, Defendant Raoul allegedly held a "secret court meeting" without Plaintiff present and added a separate case number 06-80007 to "deceive the courts." (Doc. 1 at p. 3). Under the new case number, Defendant Raoul allegedly manufactured false allegations that Plaintiff had voluntarily committed himself to the IDHS.

In 2024, Plaintiff petitioned the Circuit Court of Cook County to discharge his civil commitment. Plaintiff alleges Defendant Raoul held another secret meeting without Plaintiff present and informed the court that Plaintiff could be held indefinitely, as he had voluntarily committed himself. The court agreed. Plaintiff alleges he filed an appeal with the First District Appellate Court, but Defendant Raoul allegedly had the Clerk of the Appellate Court obstruct and stop his appeals in case numbers 24-1616 and 24-2482.

Plaintiff alleges he was charged with escape on April 15, 2026, after an attempt was made to illegally detain him in an IDHS detention facility. Plaintiff seeks money damages and asks the Court to order his immediate release.

**III**

In 2022, Plaintiff filed a complaint under § 1983 against Illinois Attorney General Raoul and the Assistant Attorney General who conducted the commitment proceedings, contending that they violated his constitutional rights by detaining him without a legal basis. Plaintiff sought money damages and injunctive relief terminating his participation in the state's civil commitment program.

At merit review, United States District Court for the Northern District of Illinois concluded that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Plaintiff's claim. The court dismissed the complaint and entered judgment. Plaintiff appealed and challenged the applicability of *Heck* to his claim. On December 20, 2023, the Seventh Circuit affirmed the Northern District's decision, finding that "[l]ike a prisoner wishing to challenge a criminal conviction or sentence, a civil detainee cannot sue a state official under 42 U.S.C. § 1983 for violating his constitutional rights when a judgment in the plaintiff's favor would necessarily imply the invalidity of his confinement, unless grounds for the confinement have already

been set aside in other proceedings." *Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023). The Seventh Circuit further stated:

> Bell's § 1983 claim squarely challenges the validity of his continued civil commitment pursuant to Illinois law. His complaint seeks money damages and an injunction, yet entitlement to either remedy would necessarily require him to prove in the first instance the illegality of his civil commitment. Therein lies the *Heck* barrier: Bell cannot use § 1983 to pursue those remedies unless and until he succeeds through a different outlet in favorably terminating or otherwise showing the invalidity of his civil commitment under the SVPCA.

*Id.* at 1234.

Here, Plaintiff has once again not shown that his present commitment was invalidated, through habeas proceedings or otherwise. Plaintiff cannot pursue relief challenging his commitment in this § 1983 action. If Plaintiff wishes to challenge the validity of his continued commitment as a sexually violent person, he must assert his claims in the state court proceedings and then pursue all available appeals. Plaintiff may have available remedies by filing a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973); *see Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("[F]ederal habeas corpus review may be available to challenge the legality of a state court order of civil commitment.").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck*. The dismissal is without prejudice to allow Plaintiff to pursue any available state law claims. *See Morgan v. Schott*, 914 F.3d 1115, 1112 (7th Cir. 2019) (*Heck*-barred claims must be dismissed without prejudice due to the possibility of future state-court proceedings). The Court finds that any amendment would be futile. Accordingly, this case is closed.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Any further amendment would be futile. The Clerk is directed to enter judgment and close this case.**

2) **Based on the dismissal of this case, Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3] and Motions to Request Counsel [8] [9] are DENIED.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: September 18, 2026

s/Jonathan E. Hawley
U.S. District Judge